UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DENNIS A. FORBES, : | |
| Petitioner : | CIVIL ACTION NO. 3:20-0822 |
| v. : | (JUDGE MANNION) |
| UNITED STATES OF AMERICA : | |
| : | |
| Respondent | |
| : | |

**MEMORANDUM**

**I.   BACKGROUND**

On May 20, 2020, Petitioner, an inmate at the Schuylkill Federal Correctional Institution, Minersville, Pennsylvania, ("FCI-Schuylkill") filed the above captioned petition for writ of habeas corpus. (Doc. 1). The address associated with this signature on the petition, indicated that Petitioner was housed at the Big Sandy United States Penitentiary, Inez, Kentucky. Id.

By Memorandum and Order dated October 16, 2020, this Court, finding that jurisdiction lies with a prisoner's custodian, see Rumsfeld v. Padilla, 542 U.S. 426 (2004), transferred the above captioned action to the United States District Court for the Eastern District of Kentucky. (Docs. 4, 5).

On November 2, 2020, Petitioner filed a motion for reconsideration of this Court's October 16, 2020 Memorandum and Order, stating that he is

actually housed at FCI-Schuylkill. (Doc. 6). For the reasons set forth below, the Court will grant Petitioner's motion for reconsideration.

## II.     **DISCUSSION**

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Howard Hess Dental Labs. Inc. v. Dentsply Intern., Inc.*, 602 F.3d 237, 251 (3d Cir. 2010) (quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)); *Chesapeake Appalachia, LLC v. Scott Petroleum, LLC*, 73 F. Supp. 3d 488, 491 (M.D. Pa. 2014) (Generally, reconsideration motions should be granted sparingly.); *Cont'l Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995). "The standard for granting a motion for reconsideration is a stringent one . . . [A] mere disagreement with the court does not translate into a clear error of law." *Chesapeake Appalachia, LLC*, 73 F. Supp. 3d at 491 (quoting *Mpala v. Smith*, 2007 WL 136750, at *2 (M.D.

- 3 -

Pa. Jan. 16, 2007), *aff'd*, 241 Fed. Appx. 3 (3d Cir. 2007)) (alteration in original).

Petitioner argues that this Court transferred the above captioned action to the United States District Court for the Eastern District of Kentucky on the mistaken fact that Petitioner was housed at Big Sandy United States Penitentiary. The Court agrees. Petitioner has demonstrated that he is housed at FCI-Schuylkill, which is located the Middle District of Pennsylvania. Thus, this Court maintains jurisdiction over the instant petition. See Barden v. Keohane, 921 F. 2d 476, 478-79 (3d Cir. 1990)(holding that a §2241 petition must be presented to the district court in the United States District where the petitioner is incarcerated). Accordingly, Petitioner's motion for reconsideration (Doc. 6) will be **GRANTED**. An appropriate order shall issue.

*S/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: November 5, 2020**
20-0822-02