UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DENNIS A. FORBES** | : |
| Petitioner | : CIVIL ACTION NO. 3:20-0822 |
| v. | : (JUDGE MANNION) |
| | : |
| **UNITED STATES OF AMERICA,** | : |
| Respondent | |

### MEMORANDUM

Petitioner, Dennis A. Forbes, an inmate formerly confined in the Schuylkill Federal Correctional Institution, Minersville, Pennsylvania[1], filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 1).

Forbes challenges a 1999 removal detainer lodged against him as a result of a conviction and sentence imposed in Rochester, New York for First Degree Reckless Endangerment. (Doc. 1). Petitioner claims that "at the time the conviction was not a deportable offense." Id.

Petitioner is currently serving a 2002 federal sentence of 360 months, imposed by the United States District Court for the Western District of New

---

[1] Petitioner is currently housed in the Big Sandy United States Penitentiary, Inez, Kentucky. See https://www.bop.gov/inmateloc/.

York for Conspiracy to Distribute and Possession with Intent to Deliver Marijuana and 50 grams of Cocaine Base, Use of a Minor to Distribute Marijuana and Cocaine Base, and Unlawful Possession of a Firearm by a Convicted Felon. (Doc. 10). His projected good conduct release date is June 25, 2025. Id. For relief, Petitioner requests this Court "declare the deportation hearing null and void, remove the INS detainer and the return of property." For the reasons outlined below, the Court will dismiss the petition for lack of jurisdiction.

I. **Discussion**

Federal jurisdiction for a petition for a writ of habeas corpus requires that a person be "in custody" at the time the petition is filed. 28 U.S.C. §2241(c); see also Carafas v. LaVallee, 391 U.S. 234, 238 (1968); Chong v. District Director, INS, 264 F.3d 378, 383 (3d Cir. 2001). "According to most courts which have considered the custody question, a prisoner who is serving a criminal sentence is not in ICE custody simply because ICE has lodged a detainer against him with the prison where he is incarcerated." Adams v. Apker, 148 Fed. Appx. 93, 95, 2005 WL 2082919, *2 (3d Cir. 2005); Green v. Apker, 153 F. App'x 77, 79 (3d Cir. 2005) (nonprecedential) (Petitioners may only obtain habeas corpus relief pertaining to ICE detainers

if they are in custody pursuant to those detainers). The United States Court of Appeals has held in several nonprecedential opinions that detainees are not in custody pursuant to ICE detainers when they are still serving separate criminal sentences in state or federal prison. See id.; Korac v. Warden Fairton FCI, 814 F. App'x 722, 723 (3d Cir. 2020); Mundo-Violante v. Warden Loretto FCI, 654 F. App'x 49, 51 (3d Cir. 2016); James v. Dist. Att'y York Cty., 594 F. App'x 66, 66 (3d Cir. 2015). Thus, this Court lacks jurisdiction to consider Forbes' petition because he is not in custody pursuant to his ICE detainer.

     Moreover, Congress removed jurisdiction from the federal district courts to consider claims challenging final orders of removal. 8 U.S.C. §1252; Francois v. Gonzales, 448 F.3d 645, 647 (3d Cir. 2006). Congress "made petitions for review filed with the courts of appeals 'the sole and exclusive means for judicial review of' most orders of removal . . . ." Jordan v. Attorney General of the United States, 424 F.3d 320, 326 (3d Cir. 2005). To the extent that Forbes seeks to challenge the relief and process that was available to him in the administrative proceedings that resulted in his removal order, such is a challenge to validity of the removal order itself and Forbes is required to bring this challenge to the U.S. Court of Appeals having jurisdiction over his removal order through a Section 1252 petition for review.

Finally, to the extent that Petitioner's prayer for relief contains a request for the return of property, such a claim is not cognizable in a §2241 action. See Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002). Thus, this claim is dismissed without prejudice to Forbes bringing his claim in a civil rights action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), after exhausting his administrative remedies as required by 42 U.S.C. §1997e(a). See Jones v. Bock, 549 U.S. 199 (2007).

## V. Conclusion

For the reasons set forth above, the petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 will be dismissed without prejudice for lack of jurisdiction and the case will be closed.

A separate Order will be issued.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: November 18, 2021**
20-0822-03